**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| Udo van Neer,[1] | ) | Case No. 26-__14184__ |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**VERIFIED PETITION FOR ENTRY OF AN**
**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDING AND GRANTING ADDITIONAL RELIEF**

---

[1] The location of the Debtor's service address for the purpose of this chapter 15 case is c/o Daniel Zumhasch, Wilhelmshofallee 75, 47800 Krefeld, Germany.

86035346;1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

JURISDICTION AND VENUE ........................................................................................ 3

BACKGROUND ........................................................................................................... 4

    I.      The Debtor's Residence and Occupation ................................................... 4

    II.     The German Administrator's Activities .................................................... 5

    III.    The Need for Recognition.......................................................................... 7

RELIEF REQUESTED.................................................................................................... 7

BASIS FOR RELIEF ..................................................................................................... 8

CONCLUSION............................................................................................................. 11

VERIFICATION OF PETITION ................................................................................... 13

86035346;1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Inversora Eléctrica de Buenos Aires S.A.*,
  560 B.R. 650 (Bankr. S.D.N.Y. 2016)............................................................................3

*In re Suntech Power Holdings Co., Ltd.*,
  520 B.R. 399 (Bankr. S.D.N.Y. 2014).............................................................................4

**Statutes**

11 U.S.C. § 101(24) ...............................................................................................................3, 7

11 U.S.C. § 362.....................................................................................................................1, 7, 10

11 U.S.C. § 1504....................................................................................................................4, 9

11 U.S.C. § 1507......................................................................................................................4

11 U.S.C. § 1515....................................................................................................................4, 8

11 U.S.C. § 1516(c) .................................................................................................................9

11 U.S.C. § 1517....................................................................................................................1, 4

11 U.S.C. § 1520...................................................................................................................1, 4, 7

11 U.S.C. §§ 1520(a)(1) .........................................................................................................10

11 U.S.C. § 362.......................................................................................................................10

11 U.S.C. § 1520(a)(2).............................................................................................................10

11 U.S.C. § 1521.....................................................................................................................1, 4

28 U.S.C. § 1410(1)...................................................................................................................3

§ 1517 of Title 28 of the United States Code...............................................................................3

§ 1334 of Title 28 of the United States Code...............................................................................3

§ 101(23) of the Bankruptcy Code...........................................................................................3, 9

§ 101(23) of the Bankruptcy Code.............................................................................................7

§ 1502(4) of the Bankruptcy Code.............................................................................................7

ii

§ 1517 of the Bankruptcy Code ...................................................................................................7

§ 1520 of the Bankruptcy Code ...................................................................................................7

§ 101(41) of the Bankruptcy Code................................................................................................9

§ 306 of the Bankruptcy Code .....................................................................................................8

§ 1510 of the Bankruptcy Code ...................................................................................................8

§ 363 of the Bankruptcy Code ...................................................................................................10

§ 542 of the Bankruptcy Code ...................................................................................................10

§ 552 of the Bankruptcy Code ...................................................................................................10

§ 1501 of the Bankruptcy Code ...................................................................................................3

§ 1507 of the Bankruptcy Code ...................................................................................................8

§ 1521 of the Bankruptcy Code ...................................................................................................8

§ 1515 of the Bankruptcy Code ...................................................................................................3

§ 1517 of the Bankruptcy Code ...................................................................................................3

§ 1515(b) of the Bankruptcy Code............................................................................................2, 9

§ 1515(c) of the Bankruptcy Code...........................................................................................3, 10

§ 1515 (d) of the Bankruptcy Code...........................................................................................10

§ 1517(a) of the Bankruptcy Code........................................................................................8, 9, 10

§ 1517(b) of the Bankruptcy Code..............................................................................................8

§ 1520 of the Bankruptcy Code .................................................................................................10

§ 1521 of the Bankruptcy Code .................................................................................................10

86035346;1

Rechtsanwalt Daniel Zumhasch of Niering Stock Tömp ("Zumhasch"), in his capacity as appointed insolvency administrator (the "German Administrator" or "Foreign Representative") of the estate of Udo van Neer ("van Neer" or the "Debtor") under the German Insolvency Code, in proceedings before the Mönchengladbach Local District Court, (the "German Court"), Case No. 45 IN 92/93 (the "German Proceeding"), by and through undersigned counsel hereby submits this Verified Petition for Entry of an Order Granting Recognition and Additional Relief (the "Verified Petition"). Concurrently herewith, the Foreign Representative has also filed the Official Form B 401 Chapter 15 Petition for Recognition of a Foreign Main Proceeding (the "Petition," and together with this Verified Petition, the "Chapter 15 Petition") and the Motion for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief (the "Motion"), and respectfully seeks entry of an order substantially in the form attached to the Motion as **Exhibit A** (the "Order") pursuant to sections 105(a), 362, 1517, 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"): (i) recognizing the German Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code and (ii) granting additional relief pursuant to section 1521 of the Bankruptcy Code.  In the alternative, should the Court not recognize the German Proceeding as a foreign main proceeding (either in whole or in part), the Foreign Representative seeks recognition of the German Proceeding as a foreign nonmain proceeding, as defined in section 1502(b) of the Bankruptcy Code, and seeks additional relief available under section 1521 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1.      On April 10, 2024, the German Court entered an order formally initiating the German Proceedings over the Debtor and appointing Mr. Zumhasch as the German Administrator (the "German Administration Order").   The German Proceeding remains pending and ongoing.

86035346;1

2.      The Debtor, van Neer, resides in Germany.  He owns over 15 properties in northwestern Germany.

3.      For a living, the Debtor operated as a car dealer, that was really a fraudulent tax scheme.  Over many years, the Debtor evaded over €37 million in taxes.  Ultimately, Mr. van Neer was arrested.  He appeared before the German Court, confessed to all charges, was convicted on thirty-seven counts of tax evasion, and was later sentenced to eight years imprisonment.

4.      Prior to his conviction, on December 19, 2023 van Neer filed a voluntary insolvency application with the German Court.  The German Court entered a safeguarding preliminary order on December 20, 2023 and ultimately the formal order on April 10, 2024.

5.      Since his appointment, the Foreign Representative has taken control of the Debtor and conducted a variety of activities to obtain information and communicate with creditors and investors.

6.      The German Administrator discovered that the Debtor—after filing the German Proceedings—sold a previously undisclosed apartment in Miami (the "Miami Property") for USD $800,000 and never delivered the proceeds to the Debtor's estate.

7.      The Foreign Representative filed this Chapter 15 Petition to support his duties to investigate the financial affairs of the Debtor and seek information from entities in the United States.  The records provided to the German Administrator thus far are inadequate to assess the validity of the Debtor's financial positions and recoverability of various transfers.  The German Administrator seeks additional relief and assistance to examine witnesses and take delivery of information concerning the Debtor's assets and affairs.

8.      As required by section 1515(b) of the Bankruptcy Code, the Petition is accompanied by a certified copy of the German Administration Order, the order commencing the

2

86035346;1

German Proceeding and appointing the Foreign Representative.  In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative had also filed a statement listing all foreign proceedings with respect to the Debtor known to the Foreign Representative.  The Foreign Representative respectfully submits that the Petition satisfies the requirements of chapter 15 of the Bankruptcy Code because the German Proceeding is a "foreign proceeding" (as defined in section 101(23) of the Bankruptcy Code), the Foreign Representative is a "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) for the Debtor's estate, and all other requirements for recognition have been fulfilled.  Additionally, the Petition satisfies the requirements in section 1515 and 1517 of the Bankruptcy Code, mandating recognition.  For these reasons, as more fully explained below, the Foreign Representative respectfully requests that the Court grant the relief requested in the Petition.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this case under sections 1517 and 1334 of title 28 of the United States Code and section 1501 of the Bankruptcy Code.  This is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) because (i) the primary purpose of this chapter 15 case is to investigate the improper transfer of real property in this District; and (ii) the Debtor has assets in this district consisting of an undrawn retainer in a non-interest-bearing account located with Citibank in Miami held for the Debtor by Akerman LLP, as counsel to the Debtor (the "Retainer Account"). Such funds remain in the Retainer Account as of the date hereof and are the Debtor's property, providing a sufficient basis for jurisdiction and venue in Florida. *See In re Inversora Eléctrica de Buenos Aires S.A.*, 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016) (holding that deposits in a New York bank account and an attorney retainer on deposit in New York "whether considered alone or together . . . provide a sufficient basis for

3

jurisdiction and venue in New York"); *In re Suntech Power Holdings Co., Ltd.*, 520 B.R. 399, 413-16 (Bankr. S.D.N.Y. 2014) (holding that a New York bank account over which a chapter 15 debtor possessed power to direct disbursement of funds was property sufficient to establish venue for chapter 15 case in New York).  Additionally, the primary reason for these proceedings is to investigate the disposition of real property of the Debtor in this district.

11.     The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with the Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

12.     The statutory predicates for the relief requested herein are sections 101(23)-(24), 105(a), 306, 1502, 1504, 1507, 1509, 1510, 1512, 1515, 1516, 1517, 1520, 1521, 1522, and 1524 of the Bankruptcy Code.

## BACKGROUND

13.     Detailed factual background regarding the Debtor and events leading to the commencement of the German Proceeding and the filing of this chapter 15 case is set forth in the Declaration of Daniel Zumhasch in Support of Chapter 15 Petition for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief (the "Zumhasch Decl."). The Zumhasch Decl. is incorporated by reference herein.

I.      **The Debtor's Residence and Occupation**

14.     Mr. van Neer is a German citizen and resident.

15.     Over about 15 years, van Neer operated a tax scheme by operating a sophisticated system of fictitious car sales defrauding the government of approximately €37 million.  He confessed to the crimes and was sentenced to eight years in prison in Germany.  According to van

4

86035346;1

Neer, the global financial crisis in 2008 had brought his company into deep difficulties. Instead of filing for bankruptcy then, he tried to compensate for the losses with manipulated documents.  A 2023 tax audit revealed the fraud and van Neer was prosecuted.

16.     The Debtor resided at Schießruthe 3 in 41334 Nettetal, Germany, which is near Dusseldorf.  Prior to his prosecution, van Neer was a local politician in Viersen, Germany.  He demonstrated charitable commitment and was awarded the German Federal Cross of Merit as well as being awarded several honors of the Teutonic Knights and the Knights of Malta.  After his prosecution, he resigned from all political activities and returned several of his awards.

17.     In addition to his residence and assets necessary to operate his fraudulent business, van Neer owned several properties near Dusseldorf, including:

- A commercial property at Brabant Street 131, 41751 Viersen;

- Two warehouses at Gerberstraße 6 and 8, 19306 Neustadt-Glewe;

- Six condominiums at Dahlener Steet 611, 613, 615, 41239 Mönchengladbach;

- Four condominiums at Dahlener Street 621, 41239 Mönchengladbach;

- Two condominiums at Weberstraße 109, 41749 Viersen; and

- One condominium at Iltisweg 47, 41239 Mönchengladbach.

18.     The Debtor also had direct and indirect interests in various companies, most of which are German.  Additionally, the Debtor possessed title to approximately 200 used vehicles located in Germany.

## II.     The German Administrator's Activities

19.     Shortly after his prosecution, Van Neer applied for insolvency administration proceedings on December 19, 2023 in the German Court.  An initial order was put in place on

5

86035346;1

December 20, 2023 and a final order was entered by the German Court on April 10, 2024 initiating the administration and appointing Zumhasch as the German Administrator.

20.    For nearly two years, the German Administrator has taken numerous steps in his investigation of Debtor's fraudulent scheme and efforts to recover and liquidate assets for the benefit of creditors.    Most importantly, the German Administrator has taken various steps to recover Debtor's books and records and any other relevant information in order to fully investigate the Debtor's affairs, including his financial position, assets, and potential causes of action against third parties.

21.    The main areas of work undertaken by the German Administrator since his appointment on April 10, 2024 can be summarized as follows:

- Liquidating the Debtor's large real estate portfolio, including by inspecting the real estate, liaising with tenants, cleaning up title to the properties, making sure required insurance is held, and hiring Tittgen Consulting GmbH & Co. to market and sell the properties.

- Liquidating the Debtor's 200 vehicles, including inspecting the vehicles, clearing title to the Debtor's many automobiles, and hiring AuktionsServiceWest GmBH to inventory the automobiles.

- Investigating the Debtor's equity positions, including contacting Creditreform and the Debtor's auditor to identify equity positions.

- Coordinating with German tax authorities;

- Seeking and obtaining the Debtor's books and records, including bank records, from various sources.

- Communicating with and sending notices to all relevant stakeholders regarding the German Administrator's appointment and requesting books and records of the Debtor.

- Participating in the Debtor's criminal proceeding.

6

22.     The German Administrator drafted and sent reports to creditors on June 19, 2024, January 10, 2025, July 4, 2025, and January 9, 2026.  The German Administrator also held a creditors' meeting on July 10, 2024.

23.     The German Administrator continues to liaise with various stakeholders to provide the Debtor's books and records and other relevant information in order to fully investigate the Debtor's affairs including his financial position, realizable assets, and potential causes of action.

**III.     The Need for Recognition**

24.     During the German Administrator's investigation, he discovered that the Debtor owned a condominium near Miami at 16485 Collins Avenue #738, Sunny Isles Beach, Florida 33160 (the "Florida Property").  After opening the German Proceeding, the Debtor sold the previously undisclosed Florida Property for approximately $800,000, which has not been delivered to the German Administrator.  The Debtor also appears to have some interests in Florida-based business entities.  The German Administrator needs recognition to investigate the Debtor's assets and activities in the United States.

**RELIEF REQUESTED**

25.     The Foreign Representative seeks an order, substantially in the form attached to the Motion as **Exhibit A** (the "Proposed Recognition Order," granting relief, including, but not limited to:

   a. Recognizing the Foreign Representative as the Debtor's "foreign representative" as defined in section 101(24) of the Bankruptcy Code;

   b. Recognizing the German Proceeding as a "foreign main proceeding" in accordance with sections 101(23), 1502(4), 1517, and 1520 of the Bankruptcy Code;

   c. Granting all relief provided by section 1520 of the Bankruptcy Code, upon recognition of the German Proceeding as a foreign main proceeding, including without limitation, (i) imposing the automatic stay of section 362 of the

7

86035346;1

Bankruptcy Code to property within the territorial jurisdiction of the United State; and (ii) the application of section 549;

d. Providing that the Foreign Representative is entrusted with the right to exercise the rights and power of a trustee, and he is entitled to administer and realize the Debtor's assets in the United States as stated in section 1521(a)(5);

e. Providing additional assistance or appropriate relief upon recognition of the German Proceeding as a foreign main proceeding under sections 1507 and 1521 of the Bankruptcy Code, including providing for the examination of witnesses, turnover, the taking of evidence or the delivery of information concerning the Debtor's assets, affairs, rights, obligations or liabilities;

f. Granting the Foreign Representative the rights and protections to which he is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of U.S. Courts over the Foreign Representative in accordance with sections 306 and 1510 of the Bankruptcy Code;

g. Recognizing and enforcing the German Administration Order; and

h. Granting such other relief as may be necessary and appropriate, including entry of a final decree after entry of the order granting the relief requested

## BASIS FOR RELIEF

26.      For the reasons set forth in the Motion, the Court should enter the Proposed Recognition Order as the Foreign Representative meets the standards for obtaining the relief requested herein and otherwise satisfies the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code.

27.      Section 1517(a) of the Bankruptcy Code authorizes the Court to enter a final order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign non-main proceeding, (ii) the foreign representative applying for recognition is a person or body and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. See 11 U.S.C. § 1517(a). Section 1517(b) of the Bankruptcy Code further provides that a proceeding shall be recognized as a foreign main

8

86035346;1

proceeding if it is pending in the country where the debtor has the center of its main interests. *See* 11 U.S.C. § 1517(a).

28.     The Foreign Representative is a "person[s]" within the meaning of section 101(41) of the Bankruptcy Code that has been appointed by the German Court, as memorialized in the German Administration Order, and is expressly authorized by the German Court to commence this case under chapter 15 of the Bankruptcy Code by filing the Chapter 15 Petition. *See* 11 U.S.C. § 1504. The German Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because, among other reasons, the German Proceeding is a collective judicial proceeding conducted in Germany under the law related to insolvency or debt adjustment, and the assets and affairs of the Debtor are subject to supervision by the Germany Insolvency Court for the purpose of liquidation.

29.     The German Proceeding should be recognized as a foreign main proceeding. Indeed, the Debtor's center of main interests is in Germany. Specifically, the Debtor has his habitual residence in German and thus Germany is presumed to be the Debtor's center of main interests. *See* 11 U.S.C. § 1516(c). Additionally, the vast majority of the Debtor's assets are located in Germany. When the German Court took jurisdiction over the Debtor, it implicitly recognized that its center of main interests was in Germany. Furthermore, since the commencement of the German Proceeding, the Foreign Representative has supervised the Debtor under and in accordance with the laws of Germany. Since Germany is the center of main interests for the Debtor, the German Proceeding should be recognized as a foreign main proceeding. *Id*. § 1517(b)(1).

30.     Further, as required by section 1515(b) of the Bankruptcy Code, the Chapter 15 Petition is accompanied by a true copy of the decision commencing the German Proceeding and appointing the Foreign Representative of the Debtor. *See* Petition item 6 [ECF No. 1]. The decision

9

86035346;1

commencing the German Proceeding has been translated to English and, thus, comport with section 1515 (d) of the Bankruptcy Code. *Id.* In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative has filed a statement disclosing that, to the best of his knowledge, there are no other foreign proceedings pending with respect to the Debtor. The Foreign Representative has, therefore, satisfied the conditions requiring entry of an order recognizing the German Proceedings. *See* 11 U.S.C. § 1517(a). Additionally, recognition of the German Proceeding is not manifestly contrary to the public policy of the United States. Based on the foregoing, the Foreign Representative petitions the Court for entry of an order, recognizing the German Proceeding.

31.    Upon recognition of the German Proceeding as a foreign main proceeding, final relief is authorized by sections 1520 and 1521 of the Bankruptcy Code. In particular:

a.  Upon recognition of the German Proceeding as foreign main proceedings, the Foreign Representative is automatically entitled to the protections of the automatic stay of section 362 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1520(a)(1) and 362.

b.  Also, upon recognition of the German Proceeding as foreign main proceedings, sections 363, 542, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate. *See* 11 U.S.C. § 1520(a)(2).

c.  Upon recognition of the German Proceeding as a foreign proceeding, the Court may at the request of the Foreign Representative, grant any additional relief that may be available to a trustee (except for the relief available under sections 522, 542, 544, 545, 547, 548, 550 and 724(a)).

32.    The Court's entry of the relief requested by the Chapter 15 Petition and of any additional assistance requested will not prohibit just treatment of holders of claims against the Debtor's property and will not prejudice his creditors. As such, the Foreign Representative submits that the Court has the discretion to enter the additional assistance set forth in the attached propped form of order.

86035346;1

## **CONCLUSION**

The Foreign Representative respectfully submits that the Petition satisfies the requirements for the recognition of the German Administrator as the Debtor's "foreign representative" and the German Proceeding as a "foreign main proceeding" and further respectfully requests entry of the Order, substantially in the form submitted as **Exhibit A** to the Motion, granting the relief requested herein and all other relief as this Court deems just and proper.

*[Remainder of page intentionally left blank]*

11

86035346;1

Dated:        April 2, 2026                    Respectfully submitted,

                                               AKERMAN LLP


                                       By: */s/ Andrea S. Hartley*
                                               Andrea S. Hartley
                                               98 Southeast Seventh Street, Suite 1100
                                               Miami, FL 33131
                                               Telephone:  (305) 374-5600
                                               Facsimile:   (305) 349-4794
                                               andrea.hartley@akerman.com

                                               -and-

                                               R. Adam Swick *(pro hac vice to be filed)*
                                               Akerman LLP
                                               500 West 5th Street, Suite 1210
                                               Austin, TX 78701
                                               Telephone: (737) 999-7103
                                               Facsimile:  (512) 623-6701
                                               adam.swick@akerman.com

                                               *Counsel for the Foreign Representative*

12

86035346;1

## VERIFICATION OF PETITION

I, Daniel Zumhasch, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am Rechtsanwalt Daniel Zumhasch, a partner at the law firm Niering Stock Tömp, which is located at Wilhelmshofallee 75, 47800 Krefeld, Germany.

I am authorized to act as a duly appointed foreign representative of the estate of Udo van Neer, a debtor in a foreign proceeding currently before the Mönchengladbach Local District Court.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Dated: March 31, 2026
Krefeld       , Germany

RA Daniel Zumhasch
Insolvenzverwalter

_____

Daniel Zumhasch
Foreign Representative of the estate of Udo van Neer

13

85722579;4