

**ORDERED in the Southern District of Florida on May 12, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| Udo van Neer,[1] | ) | Case No. 26-14184 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDING AND GRANTING ADDITIONAL RELIEF**

THIS MATTER came before the Court for hearing on May 7, 2026 at 11:00 am (the "Hearing") upon consideration of the Official Form B 401 [ECF No. 1] (the "Petition"), the Verified Petition for Entry of Order Recognizing Foreign Main Proceeding and Granting Additional Relief [ECF No. 2] (the "Verified Petition," together with the Petition, the "Chapter 15

---

[1] The location of the Debtor's service address for the purpose of this chapter 15 case is c/o Daniel Zumhasch, Wilhelmshofallee 75, 47800 Krefeld, Germany.

85735458;1

Petition"),[2] and the Motion for Entry of an Order Recognizing Foreign Main Proceeding and Granting Additional Relief [ECF No. 3] (the "Motion") filed by Rechtsanwalt Daniel Zumhasch of Niering Stock Tömp, in his capacity as the appointed insolvency administrator (the "German Administrator" or "Foreign Representative") of the estate of Udo van Neer ("van Neer" and/or the "Debtor") appointed under the Germany Insolvency Code, in a proceeding before the Mönchengladbach Local District Court, (the "German Court"), Case No. 45 IN 92/93 (the "German Proceeding").

The Court reviewed and considered the Chapter 15 Petition, the Motion, the Declaration of Daniel Zumhasch in Support of Verified Petition for Entry of Order Recognizing Foreign Main Proceeding and Additional Relief [ECF No. 5] (the "Zumhasch Declaration"), the Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Additional Relief, and all documents attached thereto (the "Chapter 15 Documents"). Upon consideration of any responses or oppositions to the Chapter 15 Documents, and after due and sufficient notice of and hearing:

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

a.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

b.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

c.      Venue is proper in this District under 28 U.S.C. § 1410.

d.      Notice of the Hearing was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

85735458;1

e.      This chapter 15 case was properly commenced and filed in accordance with 11 U.S.C. §§ 1504, 1515, and 1517.

f.      The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

g.      The Foreign Representative is a "person[s]" within the meaning of 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the Debtor's estate within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2).

h.      The German Proceeding is a foreign proceeding under 11 U.S.C. § 101(23).

i.      The German Proceeding is pending in Germany, which is the location of the Debtor's center of main interests, and, therefore, the German Proceeding is a foreign main proceeding within the meaning of 11 U.S.C. § 1502(4).

j.      The German Proceeding is entitled to recognition as a foreign main proceeding because it meets the requirements of 11 U.S.C. § 1517.

k.      Recognition of the German Proceeding as a foreign main proceeding is not contrary to the public policy of the United States.

l.      The Foreign Representative and the Debtor are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation.

m.      The Foreign Representative is further entitled to the additional relief as set forth herein under 11 U.S.C. § 1521.

n.      All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Debtor and the interests of its creditors within the territorial jurisdiction of the United States.

3

85735458;1

o.     The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Debtor, the Foreign Representative and the Debtor's creditors.

p.     The relief granted herein will, in accordance with section 1507(b) of the Bankruptcy Code, reasonably assure (i) just treatment of all holders of claims against or interests in the Debtor's property; (ii) protection of claimholders in the United States against prejudice and inconvenience in the processing of claims in the German Proceeding; (iii) prevention of preferential or fraudulent dispositions of the Debtor's property; and (iv) distribution of proceeds of the Debtor's property substantially in accordance with the Bankruptcy Code.

q.     The Foreign Representative has given notice that he may rely on German law during this course of this proceeding.

r.     The Court is authorized to grant the relief in this Order because the interests of creditors and other parties in interest, including the Debtor, are sufficiently protected under 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Motion is GRANTED as provided in this Order.

2.     The German Proceeding is hereby recognized as a foreign main proceeding in accordance with 11 U.S.C. § 1517.

3.     The Foreign Representative, and each of his respective successors, agents, representatives, advisors and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

4

85735458;1

4.    All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of these proceedings or until otherwise ordered by this Court, including, without limitation, the automatic stay under 11 U.S.C. § 362.

5.    The Foreign Representative is entrusted with the right to exercise the rights and power of a trustee, and he is entitled to administer and realize all or part of the Debtor's assets within the territorial jurisdiction of the United States.

6.    The German Administration Order is hereby recognized and given full force and effect in the United States.

7.    The Foreign Representative and the Debtor, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion, pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

8.    The Foreign Representative is specifically authorized to bring actions, conduct discovery, issue subpoenas, examine witnesses, take 2004 examinations, seek turnover, take evidence, seek production of documents and information concerning the assets, rights, affairs, obligations, or liability of the Debtor, which may require filing and providing notice of motion(s) or application(s).

9.    The right to transfer, encumber, or otherwise dispose of the Debtor's assets that are within the territorial jurisdiction of the United States absent the express written consent of the Foreign Representative is hereby suspended under 11 U.S.C. §§ 1520(a) and 1521(a)(3).

10.    Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

11.     The Chapter 15 Documents shall be made available by the Foreign Representative upon request in writing to its counsel, Akerman LLP, 500 West 5th Street, Suite 1210, Austin, Texas 78701 [adam.swick@akerman.com].

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) neither the Debtor nor the Foreign Representative are subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative and the Debtor are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.     The requirements of section 1514(c) of the Bankruptcy Code regarding notification of foreign creditors is hereby waived.

14.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.

###

6

Order Submitted by:

Akerman LLP

Andrea S. Hartley
Florida Bar No. 864234
Three Brickell City Centers
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile:  (305) 349-4794
andrea.hartley@akerman.com

-and-

R. Adam Swick *(admitted pro hac vice)*
500 West 5th Street, Suite 1210
Austin, Texas 78701
Telephone: (737) 999-7103
Facsimile: (512) 623-6701
adam.swick@akerman.com

*Counsel for the Foreign Representative*


It is the responsibility of the submitting party (not the Court) to timely serve the order on all required parties and file a certificate of service reflecting the date and manner of service as required under Local Rule 5005-1(G)(2).

7

85735458;1